```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

JIMMIE WHITE, ET AL.                CIVIL ACTION

VERSUS                              NO: 06-4069

ELITE INSURANCE, LLC, ET AL.        SECTION: "J" (4)
```

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 69). For the reasons below, Plaintiff's Motion is **GRANTED.**

**BACKGROUND**

In this case arising out of Hurricane Katrina, Plaintiffs filed suit in state court against numerous defendants stating breach of contract claims in addition to other state law claims. Imperial Fire and Casualty Insurance Company ("Imperial") and Waterstreet Company removed the case on the basis of Federal Question jurisdiction. (Rec. Doc. 1). Imperial and Waterstreet are WYO flood insurance carriers, and therefore the breach of contract claim against them was properly before the Federal District Court as the National Flood Insurance Program is a federal program, whose funds are provided by the federal treasury. As such, Courts have routinely held that causes of

actions against the WYO Flood Insurance Carrier are properly before a federal court.

Imperial and Waterstreet further asserted that Plaintiff's other breach of contract claims and state law claims should be removed pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.  Therefore the entire case was removed on August 1, 2006.  For some reason, Plaintiffs filed a stipulation of dismissal wherein Imperial and Waterstreet were dismissed from this lawsuit.  (Rec. Doc. 67).  The stipulation was signed by the Court on January 2, 2008.  This motion to remand was filed the next day.

Plaintiff set the motion for hearing on January 23, 2008.  Therefore, any opposition would be due in chambers by January 15, 2008.  Only one defendant, Auto Club Family Insurance has opposed the motion to remand.

## DISCUSSION

At the outset, it is important to recognize that this Court does not have diversity jurisdiction in this case as the parties are not completely diverse.  The court also lost federal question jurisdiction when the claims against the Flood Insurers were dismissed.  Therefore the only claims left in this case are state law claims amongst non diverse parties.  The parties agree that

the only basis left for the Court's jurisdiction would be section 1367 which provides for the Court's supplemental jurisdiction.

Under that section, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  *See* 28 U.S.C. § 1367(c); *Batiste v. Island Records, Inc.*, 179 F. 3d 217, 221 n.4 (5th Cir. 1999).  The foundation for refusal to exercise jurisdiction over such state law claims lies in the notion that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Guzzino v. Felterman*, 191 F.3d 588, 594 (5th Cir. 1999).

As such, the general rule is to decline to exercise jurisdiction over pendant state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial.  *Batiste*, 179 F.3d at 227; *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the

3

balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Still, this rule is not mandatory and no single factor is dispositive.  *Batiste,* 179 F.3d at 227.  The Court's wide discretion to decline to exercise jurisdiction and remand the case back to state court following a dismissal of all federal claims depends on both the specific circumstances of the case at bar, and the balance of "the relevant factors of judicial economy, convenience, fairness, and comity."  *Id.; see also Cohill,* 484 U.S. at 350 n.7; *Robertson v. Neuromedical Center*, 161 F. 3d 292, 296 (5th Cir. 1998).

For instance, in *Batiste*, the district court's decision to refuse to exercise jurisdiction came after the case had been pending for almost 3 years and trial was to begin 1 month later. 179 F.3d at 226-27.  Based on the resulting prejudice to the parties, this decision was overturned on appeal.  Id. at 228. Conversely, in *Cohill*, when the single federal-law claim in the action was eliminated at an early state of the litigation, the appellate court upheld the district court's decision not to exercise jurisdiction.  484 U.S. at 350-51, 357.

Auto Club Family Insurance opposes the motion to remand, stating that to delay this trial longer would unfairly prejudice

4

it as it has waited over 15 months since the case was removed to have its day in court.  The Defendant argues that since the Court has set the date for trial, ruled on dispositive motions,[1] and dismissed defendants through settlement, it should retain jurisdiction. The defendant also notes that at one time the case involved the interpretation of a federal flood insurance policy.

The mere fact that the Court once had federal question jurisdiction, and has presided over the dismissal of several defendants is of no moment in this case.  Most of the action in this case has revolved around enrolling or substituting counsel. There has been one motion for summary judgment filed by one party in this case, and three motions to compel.   The Court set, by scheduling order on August 7, 2007, a trial date of March 31, 2008.  The Court notes that trial is still more than two months away.

The Court further notes that on January 9, 2008, Plaintiffs filed a joint motion to continue trial.  (Rec. Doc. 75) Plaintiffs indicated that while Elite Insurance LLC and Eagen Insurance Agency consented to the continuance, Auto Club Insurance did not.  Plaintiff set the motion to continue for hearing on January 23, 2008 as well.  As noted above, any

---

[1] The Court denied a defense motion for summary judgment on the issue that Auto Club never received payment for this  policy. The Court found that there were still issues of disputed fact.

opposition would have had to be filed into the record no later than January 15, 2008.  No party filed any opposition to the motion.

It therefore appears to the Court that most of the parties to this litigation are not prepared to go to trial on March 5, 2008.  The uncontradicted statements of Plaintiff indicate that discovery is still ongoing, and is likely to last into March.  As a result, it does not appear that remanding this action would prejudice any of the parties.
Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 69) is **GRANTED;**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 34th Judicial District Court, St. Bernard Parish, Louisiana.

New Orleans, Louisiana this the 29th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE